IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| Pamela Wagstaff, on behalf of herself and others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>Viking Client Services, Inc.<br><br>       Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT AND JURY DEMAND |

**Nature of this Action**

1.      This is a class action pursuant to the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**Jurisdiction and Venue**

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court under 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**Parties**

4.      Pamela Wagstaff ("Plaintiff") is a natural person who resides in Kennebec County, Maine.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

7.     Defendant began efforts to collect Plaintiff's alleged debt after it was considered to be in default, or Defendant treated the debt as if it were in default from the time it obtained the debt for collection.

8.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card debt (the "Debt").

9.     Viking Client Services, Inc. ("Defendant") is a corporation based in Eden Prairie, Minnesota which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

12.     In approximately August 2016, and in connection with the collection of the Debt, Defendant placed a call to Plaintiff's telephone and left the following voicemail message:

> This is Paul Hurley calling from Viking Client Services.  I'm calling regarding Pamela Wagstaff with our consumer number JB0664.  Please return my call, 1-800-218-9182.

13.     Defendant's voice message for Plaintiff did not state that the communication was from a debt collector.

14.     Defendant's voice message for Plaintiff did not state that the purpose of the communication was to collect a debt.

15.     Defendant's voice message for Plaintiff did not state that any information obtained would be used for the purpose of debt collection.

16.     Plaintiff was unsure why Defendant was calling her. As a result, Plaintiff returned the call to Defendant, at which point she learned that Defendant was attempting to collect the Debt from Plaintiff.

17.     Upon information and good faith belief, the August 2016 voice message was the first communication from Defendant to Plaintiff.

18.     Defendant may have left similar voice messages for Plaintiff after the August 2016 communication.  Any additional messages should be reflected in the records of Defendant.

19.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages for alleged consumer debtors, that fail to disclose that it is a debt collector calling to collect a debt.

20.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages for alleged consumer debtors, that fail to state the nature of its business.

21.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages for alleged consumer debtors, that fail to disclose that any information it obtains would be used for the purpose of collecting a debt.

**Class Action Allegations**

22.     Plaintiff bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a class consisting of:

> All persons (1) located in Maine, (2) for whom Viking Client Services, Inc. left, or caused to be left, a voice message, (3) in connection with collection of a consumer debt, (4) within the year preceding this complaint, (5) that failed to failed disclose that it is a debt collector, or failed to disclose that the purpose of its calls was to

collect a debt, or failed to disclose that any information would be used for that purpose.

Excluded from the class is Defendant, its officers and directors, the members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

23.     Upon information and belief, the proposed class is so numerous that joinder of all members is impracticable.  The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The proposed class is ascertainable in that the names and addresses of all members of the class can be identified in business records maintained by Defendant.

24.     Plaintiff's claims are typical of the claims of the members of the class because their claims all originate from the same conduct, practice and procedure on the part of Defendant—namely, its practice of failing to disclose that it is a debt collector, or that the purpose of its calls is to collect a debt, in voice messages it leaves for consumers.  As a result, Plaintiff has suffered the same injuries as each member of the class. In addition, Plaintiff has retained counsel experienced and competent in class action litigation.

25.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

26.    Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire class.  Among the common issues of law and fact are:

   a.   Defendant's violations of the FDCPA as alleged herein;

   b.   Whether Defendant, as a matter of pattern or practice, fails to disclose its true corporate name in voice messages left for Maine consumers;

   c.   Whether Defendant, as a matter of pattern or practice, fails to disclose that it is a debt collector calling to collect a debt in voice messages left for Maine consumers;

   d.   the availability of statutory penalties; and

   e.   the availability of attorneys' fees and costs.

**COUNT I: VIOLATION OF 15 U.S.C. § 1692d(6)**

27.    Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 - 26 above.

28.    The FDCPA at 15 U.S.C. § 1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*        *        *

(6) except as provided in 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

29.    Defendant's voice message failed to notify Plaintiff that the communication was from a debt collector, that Defendant was calling to collect a debt, or that any information obtained would be used for that purpose.

30.    As such, Defendant violated 15 U.S.C. § 1692d(6) by not providing meaningful disclosure of its identity.

31.    The harm suffered by Plaintiff is particularized in that the violative conduct was directed at her personally, regarded his personal alleged debt, and violated her rights under the FDCPA. Likewise, Defendant's actions created a concrete harm in that Defendant failed to provide information to Plaintiff that Plaintiff was entitled to under federal law. *See, e.g.*, *Church v. Accretive Health, Inc.*, --- F. App'x ----, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) ("It is undisputed that the letter Accretive Health sent to Church did not contain all of the FDCPA's required disclosures. Church has alleged that the FDCPA governs the letter at issue, and thus, alleges she had a right to receive the FDCPA-required disclosures. Thus, Church has sufficiently alleged that she has sustained a concrete—*i.e.*, "real"—injury because she did not receive the allegedly required disclosures. The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled."). In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**COUNT II: VIOLATION OF 15 U.S.C. § 1692e(11)**

32.    Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 - 26 above.

33.    The FDCPA at 15 U.S.C. § 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*        \*        \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial

6

oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

34.     Defendant's voice messages failed to notify Plaintiff that the communications were from a debt collector, that Defendant was calling to collect a debt, or that any information obtained would be used for that purpose.

35.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector, that Defendant was calling to collect a debt, or that any information obtained would be used for that purpose.

36.     The harm suffered by Plaintiff is particularized in that the violative conduct was directed at her personally, regarded his personal alleged debt, and violated her rights under the FDCPA. Likewise, Defendant's actions created a concrete harm in that Defendant failed to provide information to Plaintiff that Plaintiff was entitled to under federal law. *See, e.g.*, *Church*, 2016 WL 3611543, at *3 ("It is undisputed that the letter Accretive Health sent to Church did not contain all of the FDCPA's required disclosures. Church has alleged that the FDCPA governs the letter at issue, and thus, alleges she had a right to receive the FDCPA-required disclosures. Thus, Church has sufficiently alleged that she has sustained a concrete—*i.e.*, "real"—injury because she did not receive the allegedly required disclosures. The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled."). In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b)      Adjudging and declaring that Defendant violated 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(11);

c)      Awarding Plaintiff, and members of the class, statutory damages pursuant to 15 U.S.C. § 1692k;

d)      Awarding and members of the class, any actual damages pursuant to 15 U.S.C. § 1692k;

e)      Awarding Plaintiff, and members of the class, their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

f)      Awarding Plaintiff and the class any pre-judgment and post-judgment interest as may be allowed under the law; and

g)      Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.


Dated: October 19, 2016

*/s/ Douglas F. Jennings*
Douglas F. Jennings (ME Bar # 3544)
Walker & Jennings, PA
144 Water Street
Hallowell, ME 04347
Phone: (207) 621-8188
Fax: (207 621-1343
dfjlaw@live.com

Jesse S. Johnson (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Phone: (561) 750-3000
Fax: (561) 961-5684
jjohnson@gdrlawfirm.com